ANN CONNORS, as Administratrix, etc., Appellant, v. WALTER W. ADAMS, Respondent.

*Public officer — liability of, for neglect of official duty, to person injured thereby.*

The complaint in this action alleged that the defendant was the head of the department of buildings in the city of New York; that it was his duty to see that all unsafe buildings in said city were taken down or made secure, and that he was furnished with the means necessary to fulfill the said duty; that a building, known as No. 25 Duane street, was so injured by fire as to render it unsafe and that defendant had notice of its condition; that the said building fell upon an adjoining building in which the plaintiff's intestate lawfully was and killed her, and asked judgment for damages against the defendant.

*Held*, that a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, should be overruled.

Appeal from an order sustaining a demurrer of the defendant to the complaint, and from a judgment entered thereon in favor of the defendant against the plaintiff for costs, etc.

The complaint alleged, among other things, "that the defendant above named was and is the superintendent or head of the department of buildings of the city of New York, duly appointed and created and qualified by law, and as such had possession and control over the said department, as aforesaid, for the doing and performing of all the acts and duties incumbent and devolving by law upon said department, and the officers of the same under and subordinate, and subject to the said defendant, at all the times hereinafter mentioned.

That, among other things, it is by the laws of the State of New York made the duty of the said defendant * * * whenever any building or other structures in the city of New York shall at any time become dangerous or unsafe and endanger life or limb, to cause said building, or parts of a building, to be taken down, or removed or made secure, and the said defendant, as superintendent or head of said building department as aforesaid, is and was authorized and empowered, at all the times hereinafter mentioned, to employ such labor and furnish such materials as may be necessary to take down and remove or make secure any building, wall or walls, parts of walls or party walls which may or have become

dangerous or unsafe from fire or other cause, and the expense incurred in the taking down and removal thereof or in making the same secure is, by the laws in such cases made and provided, made a charge upon the owner of said premises and a lien thereon.

And the complaint further shows that on the 12th day of January, 1875, a large building in said city, known as No. 25 Duane street, and the walls thereof was and were injured by fire, to so great an extent that said building and the wall, walls or parts of walls thereof, became and were then and thereafter, down to the time when the injury hereinafter referred to happened, unsafe and dangerous to life and limb, and to the occupants of the adjoining buildings and to all persons passing in front of, into and upon the same, of all of which the said defendant had due and sufficient notice.

That adjoining the said building and lot, was a building, or church edifice, called St. Andrew's church, which was then and had been for many years prior thereto used as a house and place of religious worship, which fact was also well known to the said defendant herein, and of which he had due and sufficient notice.

That on the evening of the 25th day of February, 1875, one Mary Ann Connors, since deceased, was attending and engaged in religious services in St. Andrew's church edifice, and while the religious services, usual and customary at that season of the year, were being held therein the walls of said building, known as No. 25 Duane street, which, after the fire aforesaid, had been left, permitted and suffered, wrongfully, unlawfully and negligently by the said defendant, to remain standing and unrepaired and unreconstructed or removed, and dangerous to life and limb and to the occupants thereof and all persons passing in front of the same, fell in and upon the roof of said church, and the bricks and other materials composing the same were precipitated upon the roof of said church edifice breaking through said roof, and said bricks, together with the material composing said roof, fell and descended into the audience room of said church edifice and upon the body and person of said Many Ann Connors, crushing, bruising and wounding said Mary Ann Connors to so great an extent that from the effects of such wounds, bruises and injuries then and there received she subsequently soon after died without any fault on her part.

And the complaint further shows that during all the time that elapsed between the time when said building was injured by fire, as aforesaid, and the time when said walls fell and inflicted the injuries herein complained of upon the said Mary Ann Connors, the defendant well knew that said walls of said building were dangerous to life and limb and to occupants of the adjoining buildings, and the said defendant so carelessly and negligently conducted himself and violated and neglected the duties duly imposed by law in connection therewith, that he wholly failed, neglected and refused to take down said walls, as aforesaid, or to make the same secure, or to rebuild, repair or reconstruct the same, or to cause the same to be duly done, by reason of which negligence, want of due care and attention to his duties in that behalf, on the part of said defendant, the said Mary Ann Connors was terribly injured and killed, as hereinbefore more fully set out and mentioned, without any fault or neglect on her part.

*James M. Lyddy*, for the appellant.

*D. J. Dean*, for the respondent.

Davis, P. J. :

The complaint in this action is not well drawn, but under its allegations we think the plaintiff would be entitled to prove any state of facts necessary to show that the defendant had been guilty of such neglect of official duty as would charge him with liability for the injury suffered by the plaintiff's intestate. It was not necessary to set forth all the evidence requisite to establish that condition of things. Hence the question presented upon this demurrer is, whether the defendant can be held liable in a civil action for a private injury, for any degree or kind of negligence of which he may have been guilty in performing or neglecting to perform his official duty.

Whatever may be the law in other States upon that subject, we think the question of the defendant's liability is settled in this State by the case of *Adsit* v. *Brady* (4 Hill, 630), *West* v. *Trustees of Brockport* (in note to 16 N. Y., 168), *Robinson* v. *Chamberlain* (34 id., 389).

In *Adsit* v. *Brady* the broad rule is laid down that where an individual sustains an injury by the misfeasance or nonfeasance of a public officer who acts or omits to act contrary to his duty, the law gives redress to the injured party by an action adapted to the nature of the case. That rule received a very emphatic approval in *Robinson* v. *Chamberlain ;* and if the opinion of Mr. Justice Selden in the case of *West* v. *Trustees of Brockport* (*ubi supra*), tended to impair that rule, it was restored to full vigor by the decision of the court in *Robinson* v. *Chamberlain*.

In *Murphy* v. *The Commissioners of Emigration* (28 N. Y., 134) the board of commissioners was held not liable because they were not guilty of any personal negligence ; and the court said that if any members of the board had failed in their duty, and the plaintiff had suffered in consequence of such failure, they might be individually liable, but the consequences of their individual misconduct, if there were any, could not be visited upon the board.

In this case the duty, if any existed, appertained or is charged to belong to the individual officer, and the negligence alleged by reason of which the injury was suffered, is distinctly charged to have been his own. We are of opinion that the demurrer should have been overruled, and that the order and judgment should be reversed and judgment given for the plaintiff upon the demurrer, with leave to defendant to answer over on the usual terms.

Ingalls, J., concurred.

Brady, J. :

I think, under the allegations in the complaint, the demurrer could not be sustained. I concur in the result, therefore.

Judgment reversed ; judgment ordered for plaintiff on demurrer with leave to answer over on the usual terms.